UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

JOSHUA W. FISHER,                          )
                                           )
                    *Plaintiff*,           )
                                           )
         v.                                )        No. 4:23-cv-00044-JMS-KMB
                                           )
SHELLPOINT MORTGAGE SERVICING, LLC, and    )
DOES 1 THROUGH 10, INCLUSIVE,              )
                                           )
                    *Defendants*.          )

## ORDER

This case arises out of Plaintiff Joshua W. Fisher's many attempts to use the judiciary to avoid mortgage foreclosure against a property located at 10800 Hueseman Road, Aurora, Indiana 47001 (the "Property"). [*See* Filing No. 1-3.]  Defendant Shellpoint Mortgage Servicing, LLC ("Shellpoint") purchased the Property at a Sheriff's Sale.  After nearly seven years of litigation before the Dearborn County Circuit Court and the United States Bankruptcy Court for the Southern District of Indiana, Mr. Fisher now seeks recovery from Shellpoint and Does 1 through 10 (the "Doe Defendants") for their "fraudulent" attempts to foreclose upon the Property. [Filing No. 1-3.]  Shellpoint has filed a Motion to Dismiss, [Filing No. 6], which is ripe for the Court's review.

### I.
### STANDARD OF REVIEW

Under Rule 12(b)(6), a party may move to dismiss a claim that does not state a right to relief.  The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007.)).  In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all

permissible inferences in favor of the plaintiff.  *See Active Disposal Inc. v. City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011).   A Rule 12(b)(6) motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570).   The Court may not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief.  *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011).   Factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012).   This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

## II.
### BACKGROUND

The following factual allegations are set forth in Mr. Fisher's Complaint, [Filing No. 1-3], which the Court must accept as true at this time.

### A.  The Foreclosure Action and Mr. Fisher's Ensuing Bankruptcies

In March 2015, Mr. Fisher took out a mortgage loan with 360 Mortgage Service Group, LLC ("360 Mortgage") for $106,043.00, which was secured against the Property.  [Filing No. 1-3 at 2-4.] Shortly thereafter, Mr. Fisher fell upon "hard times due to job loss and physical problems." [Filing No. 1-3 at 2-4.]   In April 2016, 360 Mortgage filed a mortgage foreclosure against Mr. Fisher in the Dearborn County Circuit Court, Case No. 15C01-1604-MF-000031 (the "Foreclosure

Action").[1]  In February 2017, the Dearborn County Circuit Court issued a Decree of Foreclosure in favor of 360 Mortgage in the Foreclosure Action.  [Filing No. 6-2 at 2-3.]

In March 2017, 360 Mortgage filed a *Praecipe* for Order of Sale in the Foreclosure Action, seeking to schedule a Sheriff's Sale of the Property.  [Filing No. 6-2 at 2-3.]  Mr. Fisher then filed for Chapter 13 bankruptcy in May 2017.[2]  [Filing No. 6-3 at 4.]  In June 2017, the Bankruptcy Court *sua sponte* dismissed the First Bankruptcy for failure to comply with the Bankruptcy Court's orders.  *See* Order Dismissing Case, Case No. 17-90806-BHL-13 (June 27, 2017).  After the dismissal of the First Bankruptcy, 360 Mortgage again sought a *Praecipe* for Order of Sale in the Foreclosure Action.  [Filing No. 6-2 at 3.]  Mr. Fisher then filed for bankruptcy for a second time, which was also dismissed by the Bankruptcy Court.  *See* Order Dismissing Case, Case No. 17-91727-BHL-13 (March 25, 2019).

The pattern of 360 Mortgage seeking a *Praecipe* for Order of Sale in the Foreclosure Action and Mr. Fisher responding by filing for bankruptcy continued over the next several years, ultimately resulting in six *Praecipes* in the Foreclosure Action and five different bankruptcy petitions, each of which were dismissed by the Bankruptcy Court.  [*See* Filing No. 6-2 at 3-4; Filing No. 6-3; Filing No. 6-4; Filing No. 6-5; Filing No. 6-6; Filing No. 6-7.]

---

[1] The Court is permitted to take judicial notice of public records, such as state court documents and the dockets from the bankruptcy proceedings, without converting a Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment.  *See, e.g., Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020); *Conn-Selmer Inc. v. Bamber*, 2008 WL 348774, at *4 (N.D. Ind. Feb. 7, 2008).

[2] Mr. Fisher's bankruptcy petitions are as follows: (1) *In re: Joshua W Fisher and Laura Anne Fisher*, Case No. 17-90806-BHL-13 (the "First Bankruptcy"); (2) *In Re: Joshua W Fisher,* Case No. 17-91727-BHL-13 (the "Second Bankruptcy"); (3) *In Re: Joshua William Fisher,* Case No. 20-90401-AKM-13 (the "Third Bankruptcy"); (4) *In Re: Joshua William Fisher,* Case No. 21-91055-AKM-13 (the "Fourth Bankruptcy"); and (5) *In Re: Joshua William Fisher,* Case No. 22-90842-AKM-13 (the "Fifth Bankruptcy").

After Mr. Fisher's fourth bankruptcy petition was dismissed, a Sheriff's Sale of the Property was scheduled in the Foreclosure Action. [Filing No. 6-2 at 2-3.] During this time, Mr. Fisher contends that Defendants "lulled" him into believing that "a modification would be worked out once [the] foreclosure moratoriums were discontinued," but instead "went behind [his] back, working with their legal department to take" the Property. [Filing No. 1-3 at 4.] Mr. Fisher claims that Defendants' actions caused him to "keep his guard down and not seek legal help." [Filing No. 1-3 at 3.]

Although Mr. Fisher filed bankruptcy for the fifth time "to stop 360 Mortgage Group from taking [the Property] through a post foreclosure eviction," [Filing No. 1-3 at 3], he did so "just hours" before the Sheriff's Sale, which commenced as scheduled, [Filing No. 6-2 at 3-4; Filing No. 6-8 at 2-3]. Shellpoint was the successful bidder at the Sheriff's Sale. *See* Writ of Assistance, Case No. 15C01-1604-MF-000031 (March 3, 2023). Following the Sheriff's Sale of the Property, the Bankruptcy Court subsequently validated the sale of the Property to Shellpoint through a Stay Annulment Order, finding that "the multiple bankruptcy filings by [Mr. Fisher] are part of a scheme to delay, hinder, and defraud [360 Mortgage.]" [Filing No. 6-8 at 2.]

**B. This Lawsuit**

After the Bankruptcy Court validated the sale of the Property, Mr. Fisher filed suit against Shellpoint and the Doe Defendants in the Dearborn County Superior Court. [Filing No. 1-3.] Mr. Fisher contends that Defendants' "unscrupulous business practices" led to an "illegal foreclosure sale" and resulted in him having to "file numerous bankruptcies." [Filing No. 1-3 at 4.] Mr. Fisher asserts claims for: (1) Intentional Infliction of Emotional Distress ("IIED"); (2) slander of title; (3) the Indiana Deceptive Consumer Sales Act ("DCSA"), Ind. Code 24-5-0.5-1; (4) "slander of

credit"; (5) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et. seq.*; and (6) the Real Estate

Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. 2601 *et seq*, [Filing No. 1-3 at 6-16].

      Shellpoint subsequently removed Mr. Fisher's claims to this Court pursuant to 28 U.S.C. §

1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1367.  [Filing No. 1.]  Shellpoint has moved to dismiss

each of Mr. Fisher's claims pursuant to Rule 12(b)(6).  [Filing No. 6.]  Mr. Fisher has yet to file a

response to Shellpoint's Motion, and his time to do so has now passed.

### III.
### DISCUSSION

      Shellpoint argues that dismissal of Mr. Fisher's claims is appropriate for four reasons: (1)

the doctrines of *res judicata* and waiver bar Mr. Fisher's claims because they are "inextricably

linked" to the Foreclosure Action and Mr. Fisher waived those claims by failing to assert them as

part of the Foreclosure Action, [Filing No. 7 at 5-10]; (2) Mr. Fisher's IIED, DCSA, TILA, and

RESPA claims are each time barred, [Filing No. 7 at 11; Filing No. 7 at 14; Filing No. 7 at 17-20];

(3) Mr. Fisher's IIED claim is "not plausible on its face," [Filing No. 7 at 12-14]; and (4) Mr.

Fisher's claim for Slander of Title represents collateral attack on the judgment in the Foreclosure

Action, [Filing No. 7 at 15-17].  The Court begins by addressing Mr. Fisher's failure to respond to

Shellpoint's Motion.

### A.     The Impact of Mr. Fisher's Failure to Respond

      The Seventh Circuit has explained that a party forfeits an argument by failing to present

the argument before the Court.  See *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011).

With respect to a motion to dismiss, failure to respond constitutes a waiver of one's right to contest

dismissal.  *Id.* at 719; *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1052 (7th

Cir. 2019) (plaintiff's failure to respond to defendant's motion to dismiss constituted a waiver of

their opportunity to oppose dismissal); *McMasters v. U.S.*, 260 F.3d 814, 818 (7th Cir. 2001) (a

party's *pro se* status does not excuse a failure to comply with procedural rules).  Moreover, the Local Rules for the Southern District of Indiana provide that the Court "may summarily rule on a motion if an opposing party does not file a response within the deadline."  S.D. Ind. Local Rule 7-1(c)(5).

Because Mr. Fisher has failed to present any argument in response to Shellpoint's dismissal arguments, the Court finds that any response is now waived.  Therefore, Shellpoint's Motion to Dismiss is **GRANTED**, and Mr. Fisher's claims against Shellpoint are **DISMISSED**.

### B.     Mr. Fisher's Claims against the Doe Defendants

The Court next turns to Mr. Fisher's claims against the Doe Defendants.  The Court notes that "asserting claims against an unnamed defendant is a practice generally disfavored by the Seventh Circuit, although district courts have discretion as to whether such claims may be sustained."  *Kennington v. Carter*, 216 F. Supp. 2d 856, 857 (S.D. Ind. 2002) (collecting cases); *see also Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted).

In some circumstances, district courts permit claims against unnamed defendants to proceed in cases where the plaintiff is aware that they have been injured but cannot ascertain a defendant's identity without the benefit of discovery.  *See, e.g., Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981).  However, this is not the circumstance before the Court.  First, Mr. Fisher's Complaint contains no factual allegations which suggest who the Doe Defendants might be or what role the Doe Defendants played in his claims.  [*See* Filing No. 1-3.]  Additionally, discovery would not be helpful or appropriate in this circumstance because there are no remaining named defendants from which discovery may be sought.

While a court should generally not dismiss a claim *sua sponte* without allowing the plaintiff an opportunity to be heard, e.g., *Shockley v. Jones*, 823 F.2d 1068, 1073 (7th Cir. 1987), Mr. Fisher was given an opportunity to respond as to the sufficiency of his claims in his response to Shellpoint' Motion to Dismiss.  Given Mr. Fisher's failure to advance his claims in this case and repeated abuse of the judicial system as part of his "scheme to delay, hinder, and defraud" the parties to the Foreclosure Action, the Court sees no reason to use its discretion to sustain Mr. Fisher's claims against the Doe Defendants.  Accordingly, Mr. Fisher's claims against the Doe Defendants are **DISMISSED**.

## IV.
### CONCLUSION

For the foregoing reasons, Shellpoint's Motion to Dismiss, [6], is **GRANTED.**  The Court further concludes that dismissal of the claims against the Doe Defendants is appropriate. Accordingly, Mr. Fisher's claims are **DISMISSED WITH PREJUDICE**.[3]  Final judgment shall enter accordingly.

Date: 6/5/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his Complaint as a matter of course in response to a motion to dismiss. *Brown v. Bowman*, 2011 WL 1296274, *16 (N.D. Ind. 2011).  The 2009 notes to that rule emphasize that this amendment "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion."  Here, Mr. Fisher chose to neither revise his allegations nor respond to Shellpoint's Motion to Dismiss.  As the Seventh Circuit has recognized, "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break."  *In re Nora*, 417 F. App'x 573, 575 (7th Cir. 2011) (quoting *GCIU Emp. Ret. Fund v. Chicago Trib. Co*., 8 F.3d 1195, 1198–99 (7th Cir. 1993)) (internal quotations omitted).  The Court is not required to give Mr. Fisher another chance to plead his claims, and, in its discretion, the Court dismisses those claims with prejudice.

7

**<u>Distribution via ECF only to all counsel of record.</u>**

**<u>Distribution via U.S. mail to:</u>**
Joshua W Fisher
10800 Hueseman Rd.
Aurora, IN 47001-2212